James Wesley WARD, Appellant,

v.

ARKANSAS STATE POLICE, Appellee.

No. 80–1808.

United States Court of Appeals,
Eighth Circuit.

Submitted June 16, 1981.

Decided July 10, 1981.

Steve Clark, Atty. Gen., Little Rock, Ark., for appellees by Debby Thetford Nye, Asst. Atty. Gen., Little Rock, Ark.

John W. Walker, John W. Walker, P. A., Little Rock, Ark., for appellant.

Before LAY, Chief Judge, STEPHEN-SON, Circuit Judge, and LARSON,* Senior District Judge.

LAY, Chief Judge.

James Wesley Ward applied for employment with the Arkansas State Police in 1970, 1975, and 1976, but was not hired. Ward filed charges of racial discrimination with the EEOC and received a right-to-sue

* Earl R. Larson, Senior District Judge, District of Minnesota, sitting by designation.

letter on May 31, 1977. Ward filed this action on August 26, 1977, alleging violations of title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e–17.

On February 1, 1978, the United States and the State of Arkansas filed a consent judgment. The consent decree prohibited all discriminatory hiring practices by the Arkansas State Police and established guidelines for back pay and other specific relief for victims of previous discriminatory policies. *United States v. Arkansas*, Civ. No. LR–C–78–25 (E.D.Ark.1978). In the district court, Ward alleged that his claim for relief under the consent decree was settled, and the district court held a hearing on whether the case was settled. After the hearing, the district court dismissed Ward's suit holding that (1) the consent decree collaterally estopped Ward's claims for relief, (2) the consent decree mooted Ward's prayer for classwide injunctive relief, (3) Ward's abandonment of his efforts to obtain relief under the consent decree negated his back pay claims under title VII, and (4) Ward is not entitled to attorney's fees because he cannot prevail on any claim. *Ward v. Arkansas State Police*, 493 F.Supp. 1315 (E.D.Ark.1980). We reverse the district court's judgment and remand the case for trial on Ward's individual claims.

## I. *Collateral Estoppel.*

█ The district court held that the consent decree entered in *United States v. Arkansas*, Civ. No. LR–C–78–25 (E.D.Ark. 1978), barred Ward's claims for relief in this case. 493 F.Supp. at 1328–29. For a prior judgment to bar a title VII action on the basis of res judicata, (1) the parties, or persons in privity with them, must be identical in both suits, (2) a court of competent jurisdiction must have rendered the prior judgment, (3) the earlier action must have resulted in a final judgment on the merits, and (4) the two cases must involve the same cause of action. *Kemp v. Birmingham News Co.*, 608 F.2d 1049, 1052 (5th Cir. 1979); *Stevenson v. International Paper Co.*, 516 F.2d 103, 108 (5th Cir. 1975).

█ The United States was the only plaintiff in *United States v. Arkansas*. Ward was not a party to the Government action. The Government's action apparently was not a class action under Fed.R.Civ.P. 23, even though the consent decree established some guidelines for relief to a class of rejected applicants. We are not concerned here with the preclusive effect under rule 23 of consent judgments in title VII class actions.[1] With regard to the preclusive effect of consent judgments in non-class actions brought by the Government under title VII, the Supreme Court has stated that such judgments do not bar the potential beneficiaries of a decree from pursuing their title VII remedies individually. *General Telephone Co. v. EEOC*, 446 U.S. 318, 332–33, 100 S.Ct. 1698, 1707–1708, 64 L.Ed.2d 319 (1980). Under title VII, the potential beneficiaries of a consent decree obtained by the Government in settlement of a non-class action are not "in privity" with the Government for purposes of res judicata. Thus, we determine Ward is not precluded from individual relief merely because he might have obtained some relief if he had acted expeditiously under the consent decree.[2] The consent decree in *United*

---

1. *See Penson v. Terminal Transport Co.*, 634 F.2d 989 (5th Cir. 1981); *Woodson v. Fulton*, 614 F.2d 940 (4th Cir. 1980); *Kemp v. Birmingham News Co.*, 608 F.2d 1049 (5th Cir. 1979); *Fowler v. Birmingham News Co.*, 608 F.2d 1055 (5th Cir. 1979).

2. A consent decree in a non-class action can be drafted so that persons who actually obtain relief under the decree relinquish their rights to private remedies under title VII. The Supreme Court has instructed the federal courts to prevent duplicate recoveries under consent decrees and title VII. One method of protecting the employer is to condition relief under the decree upon the claimant's waiver of title VII remedies. 446 U.S. at 333, 100 S.Ct. at 1707–1708. *See, e. g., United States v. Allegheny-Ludlum Industries, Inc.*, 517 F.2d 826, 852–53 (5th Cir. 1975), *cert. denied*, 425 U.S. 944, 96 S.Ct. 1684, 48 L.Ed.2d 187 (1976).

A waiver of a right to seek back pay under title VII must be knowing, voluntary, and understanding. *See Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 52 n.15, 94 S.Ct. 1011, 1021 n.15, 39 L.Ed.2d 147 (1974); *Penson v. Terminal Transport Co.*, 634 F.2d 989, 991, 996

*States v. Arkansas* provided that injured persons could accept the specific relief offered by Arkansas *or* reject it and pursue their title VII remedies individually.[3] We find no evidence that Arkansas offered specific relief to Ward. If it did, Ward rejected it and now pursues his title VII remedies in accordance with his option under the consent decree.[4]

The consent decree was not a final judgment on the merits of Ward's claim for back pay under title VII. All parties agree there was no finding or admission of liability by Arkansas. *United States v. Arkansas,* slip op. at 2. The decree established guidelines for determining who was eligible for back pay and employment, but the decree was incomplete and the Government was to identify particular persons eligible for specific relief after the decree was entered. The availability of relief was also conditioned on the ability of the United States and Arkansas to agree on the terms of relief. Lastly, to be eligible for back pay relief, persons had first to complete the application process satisfactorily.

A consent decree which does not purport to have res judicata effect, to which Ward was not a party, and under which he has received no relief, cannot bar Ward's claim under title VII. We find the district court erred in holding that the consent decree precluded Ward from seeking relief in his

individual suit under title VII. Our decision is consistent with our recent discussion in *Hameed v. Ironworkers Local 396,* 637 F.2d 506, 518 n.15 (8th Cir. 1980). *See also Lyght v. Ford Motor Co.,* 643 F.2d 435, 438–41 (6th Cir. 1981); *Penson v. Terminal Transport Co.,* 634 F.2d 989, 992–96 (5th Cir. 1981); *Woodson v. Fulton,* 614 F.2d 940, 942 (4th Cir. 1980); *Kemp v. Birmingham News Co.,* 608 F.2d 1049, 1052–54 (5th Cir. 1979); *Fowler v. Birmingham News Co.,* 608 F.2d 1055, 1058–59 (5th Cir. 1979); *Doninger v. Pacific Northwest Bell, Inc.,* 564 F.2d 1304, 1307 (9th Cir. 1977); *United States v. Trucking Employers, Inc.,* 561 F.2d 313, 317 (D.C.Cir.1977); *United States v. Allegheny-Ludlum Industries, Inc.,* 517 F.2d 826, 880 (5th Cir. 1975), *cert. denied,* 425 U.S. 944, 96 S.Ct. 1684, 48 L.Ed.2d 187 (1976); *Williamson v. Bethlehem Steel Corp.,* 468 F.2d 1201, 1203 (2d Cir. 1972), *cert. denied,* 411 U.S. 931, 93 S.Ct. 1893, 36 L.Ed.2d 390 (1973).

## II. *Mootness.*

The district court held that the 1978 consent decree mooted Ward's prayer for classwide injunctive relief. On appeal, Ward seeks only individual relief; the district court's dismissal of the prayer for classwide injunctive relief is not before us.

---

(5th Cir. 1981); *United States v. Trucking Employers Inc.,* 561 F.2d 313, 318 (D.C.Cir.1977).

**3.** *United States v. Arkansas,* LR–C–78–25, slip op. at 13 (E.D.Ark.1978). Paragraph 15 of the decree provides:

> 15. As soon as possible (but in any event within one year) after the entry of this Decree, plaintiff shall have access to and review the personnel records of the defendants for the purpose of identifying blacks and women who may have been victims of unlawful race or sex discrimination subsequent to January 1, 1973. Upon completion of the review, plaintiff shall indicate to the Department the identity of persons for whom specific relief is sought and the nature of the relief. If the affected parties are able to agree upon the relief, the individual shall be notified of the relief offered and the basis for it, and of the individual's right to accept the offer or to reject it and proceed individually pursuant to 42 U.S.C. 2000e–5, provided that nothing

herein shall constitute a waiver by defendants of any applicable Statute of Limitations.

**4.** In *EEOC v. Missouri P.R.R.,* 493 F.2d 71 (8th Cir. 1974), we held that the Government could not sue an employer in an independent action once the charging party had already filed suit against the employer pursuant to a right-to-sue letter. *Id.* at 75–76. Ward received a right-to-sue letter from the Department of Justice on May 31, 1977, and filed a class action against the Arkansas State Police on August 26, 1977. While Ward's action was pending, the United States, on February 1, 1978, filed a complaint against the State of Arkansas and several individuals, in their capacity as officers and commissioners of the Arkansas State Police. It would be ironic indeed if a consent decree in an action that probably should have been commenced by the government intervening in Ward's prior action, but was not, subsequently precluded Ward's claims.

■ Ward's claims for back pay and attorney's fees are not moot because "interim relief or events have [not] completely and irrevocably eradicated the effects of the alleged violation." *County of Los Angeles v. Davis,* 440 U.S. 625, 631, 99 S.Ct. 1379, 1383, 59 L.Ed.2d 642 (1979). If the allegations in his complaint are true, Ward is entitled to back pay and attorney's fees. The consent decree has provided him with neither. We are satisfied that Ward has a "personal stake in the outcome of the controversy." *United States Parole Commission v. Geraghty,* 445 U.S. 388, 397, 100 S.Ct. 1202, 1208–09, 63 L.Ed.2d 479 (1980); *Flast v. Cohen,* 392 U.S. 83, 100–01, 88 S.Ct. 1942, 1952–53, 20 L.Ed.2d 947 (1968).

■■ Attempting to obtain relief under the consent decree, Ward took and passed an employment qualification exam on January 15, 1979. Ward did not complete a background check or personal interview, which were requirements of the application process, because he joined the Army. The district court found that Ward's enlistment in the Army constituted an abandonment of his claim and thereby mooted his title VII claim. 493 F.Supp. at 1323, 1328. We must respectfully disagree. Ward's enlistment in the Army in 1979 has little to do with whether Arkansas discriminated against him in 1975 and 1976. His enlistment may constitute an abandonment of his attempts to obtain relief under the consent decree. This question, however, does not concern us, because, unlike the district court, we hold that the consent decree is not Ward's exclusive means of recovery. Ward is entitled to a trial on his allegations of discriminatory treatment in 1975 or 1976. Perhaps, he may be unable to prove that he was denied employment because of his race, and not because of some legitimate reason, but this issue is one for the trier of fact. He has not had a trial; the district court dismissed the case on its own motion for lack of jurisdiction. Ward's enlistment may be relevant to the amount of back pay due him under 42 U.S.C. § 2000e–5(g), if he proves his allegations, but the alleged abandonment does not negate his back pay claims. On remand, this case should proceed under the guidelines of *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), and *Texas Department of Community Affairs v. Burdine,* 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981). If Ward prevails on the issue of liability, he is entitled to attorney's fees. *Hameed,* 637 F.2d at 522. The district court should accord Ward other equitable relief as it deems appropriate.

We reverse the district court's judgment and remand for trial in accordance with this opinion.