James Wesley WARD, Appellant,

v.

ARKANSAS STATE POLICE, Appellee.

No. 82–1757.

United States Court of Appeals, Eighth Circuit.

Submitted April 15, 1983.
Decided Aug. 17, 1983.

Steve Clark, Atty. Gen. by R.B. Friedlander, Asst. Atty. Gen., Little Rock, Ark., for appellee.

John W. Walker, John W. Walker, P.A., Little Rock, Ark., for appellant.

Before McMILLIAN and JOHN R. GIBSON, Circuit Judges, and WANGELIN,* Senior District Judge.

---

* The Honorable H. Kenneth Wangelin, United States Senior District Judge for the Eastern District of Missouri, sitting by designation.

WANGELIN, Senior District Judge.

This case involves the allocation of burden of proof in a private, non-class action suit under Title VII, alleging failure to hire because of race. The essential facts are set forth in the District Court's initial opinion. *Ward v. Arkansas State Police,* 493 F.Supp. 1315 (E.D.Ark.1980). On appeal this Court reversed the District Court's dismissal and remanded for trial. *Ward v. Arkansas State Police,* 653 F.2d 346 (8th Cir.1981). On remand, the District Court held that plaintiff had failed to establish that he was denied employment because of his race. *Ward v. Arkansas State Police,* 539 F.Supp. 1116 (D.C.Ark.1982). Plaintiff now appeals that decision.

■ In its previous opinion this Court instructed the District Court to evaluate the evidence under the guidelines of *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973) and *Texas Department of Community Affairs v. Burdine,* 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981). *Burdine* sets forth the basic allocation of burdens and order of presentation of proof in a Title VII case. First, the plaintiff must establish by a preponderance of the evidence a prima facie case of discrimination. Second, the burden shifts to the defendant to rebut the prima facie case by "explaining clearly" a legitimate, nondiscriminatory reason for its action. Finally, assuming a valid rebuttal, the plaintiff is entitled to prove by a preponderance of the evidence that defendant's reasons were merely a pretext. *Texas Department of Community Affairs v. Burdine,* 450 U.S. at 252–56, 101 S.Ct. at 1093. *Green* also employs such an analysis, and provides guidance on establishing the prima facie case.

The Court below, in its findings of fact and conclusions of law, held that plaintiff failed to establish a prima facie case of discrimination, and further that defendant has successfully articulated a valid, non-discriminatory reason for its employment decision. The validity of these findings and conclusions form the issue on appeal.

## DISCUSSION

### 1. *Plaintiff's prima facie case.*

In evaluating plaintiff's prima facie case, the District Court applied the four point test set forth in *Green.* Under this test, plaintiff must show that he belongs to a racial minority, that he applied for and was qualified for an available position with the employer, that he was rejected by the employer, and that the employer thereafter continued to try to fill the position. *McDonnell Douglas Corp. v. Green,* 411 U.S. at 802, 93 S.Ct. at 1824. The Court concluded that plaintiff failed to present proof that he was qualified for the position. Plaintiff argues on appeal that the prima facie case need not be proven under the *Green* test, but may be established by showing disparate impact or treatment.

■ The Court finds merit in plaintiff's argument. *Green* clearly contemplates that the guidelines it sets forth are not rigid:

> The facts necessarily will vary in Title VII cases, and the specification above of the prima facie proof required from respondent is not necessarily applicable in every respect to differing factual situations.

*Id.* at 802, n. 13, 93 S.Ct. at 1824, n. 13. The Court further implied that the use of an invalid test for qualification may under proper circumstances establish a prima facie case under *Griggs v. Duke Power Company,* 401 U.S. 424, 91 S.Ct. 849, 28 L.Ed.2d 158 (1971). *McDonnell Douglas Corp. v. Green,* 411 U.S. at 802, n. 14, 93 S.Ct. at 1824, n. 14.

■ The trial court, while assuming that the first three tests plaintiff took were discriminatory, failed to determine whether this could establish a prima facie case of discriminatory failure to hire. However, in view of our holding on rebuttal evidence, discussed below, this error is deemed to be harmless.

### 2. *Defendant's Rebuttal.*

■ Under the *Green-Burdine* analysis, a valid prima facie case shifts to the defend-

ant the burden of articulating "some legitimate, non-discriminatory reason" for rejection of the applicant. *McDonnell Douglas Corp. v. Green,* 411 U.S. at 802, 93 S.Ct. at 1824. The defendant's burden is not to *prove* such a reason by a preponderance of evidence, but merely that of "explaining clearly" its legitimate reasons. *Texas Department of Community Affairs v. Burdine,* 450 U.S. at 260, 101 S.Ct. at 1097. The District Court found that defendant more than sustained his burden.

We find that there is abundant evidence in the record to support this conclusion. Both documentary evidence ** and live testimony establish that plaintiff had a reputation for unreliability, laziness, unwillingness to make a commitment, inability to communicate, failure to report to work on time, an unprofessional attitude, and being generally a "poor police officer", during the course of prior employment. By any standard, these characteristics "explain clearly" why a state police force would refrain from hiring an individual, irrespective of his or her race.

### 3. *Pretext.*

As a final step, plaintiff must be allowed to show that defendant's purported legitimate basis was merely a pretext for discriminatory actions. *McDonnell Douglas Corp. v. Green,* 411 U.S. at 804, 93 S.Ct. at 1825. There is no evidence, nor does plaintiff argue, that he was denied an opportunity to present such proof.

Plaintiff's only argument in this respect is that the 1979 background report, which contained various subjective evaluations and which in large part formed the basis for defendant's employment decision, had an "undue regard for racial considerations." This Court has found little, if any, evidence in the record to support plaintiff's contention. In view of the live testimony which fully substantiated the conclusions in the report, the District Court's finding that

defendant's stated reasons were not a pretext cannot be said to be clearly erroneous.

### CONCLUSION

The result of the analysis set forth in *Green* and *Burdine* is that plaintiff carries the ultimate burden of proving by a preponderance of the evidence that he was a victim of racial discrimination. The Court below found that plaintiff had failed to sustain this burden and there is ample evidence to support this conclusion.

Accordingly, the decision of the District Court will be affirmed.

---

** Appellant argues that the investigative report constitutes hearsay evidence and was improperly admitted. The court is not persuaded by appellant's argument, and agrees with the District Court that the report was properly admitted under the business record exception. Fed. R.Evid. 803(6).