**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff,**

v.

**BAPTIST MEMORIAL HOSPITAL, Defendant.**

**Clarice V. BLAND, Plaintiff,**

v.

**BAPTIST MEMORIAL HOSPITAL, Defendant.**

**Clarice V. BLAND, Plaintiff,**

v.

**BAPTIST MEMORIAL HOSPITAL, Defendant.**

**Nos. 79–0789–CV–W–4–9, 83–0192–CV–W–9 and 83–0359–CV–W–9.**

United States District Court, W.D. Missouri, W.D.

Nov. 2, 1984.

---

Robert G. Johnson, St. Louis, Mo., for plaintiff.

Stanley E. Craven, Spencer, Fane, Britt & Browne, Kansas City, Mo., for defendant.

Arthur A. Benson II, Susan Goering, Benson & McKay, Kansas City, Mo., for plaintiff Bland.

ORDER DENYING PLAINTIFF'S MOTION TO INTERVENE IN CIVIL ACTION NO. 79–0789–CV–W–4–9, AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT IN CIVIL ACTION NO. 83–0359–CV–W–9, AND REQUIRING FILING OF PROPOSED SCHEDULING ORDER

BARTLETT, District Judge.

This consolidated case is before the Court on defendant Baptist Memorial Hospital's motion for summary judgment in *Clarice V. Bland v. Baptist Memorial Hospital,* No. 83–0359–CV–W–9 and plaintiff's motion to intervene in *Equal Employment Opportunity Commission v. Baptist Memorial Hospital,* No. 79–0789–CV–W–4–9.

On May 16, 1977, and October 12, 1979, Bland filed charges with the Equal Employment Opportunity Commission (EEOC) alleging that Baptist Memorial Hospital had violated Title VII, 42 U.S.C. § 2000e, *et seq.* Based on Bland's charges and the charges of others, the EEOC filed suit on September 6, 1979, against Baptist Memorial Hospital, case No. 79–0789–CV–W–4–9. Bland's deposition was taken in that case on June 18, 1981. Facts concerning Bland were stipulated to by the EEOC and Baptist Memorial in a standard pretrial order filed in that lawsuit. On July 6, 1982, a "Memorandum of Understanding" was filed stating that the EEOC and the hospital had agreed upon a resolution and that a letter would be sent to each charging party advising of the settlement. On August 6, 1982, the EEOC sent Bland a letter advising her that the EEOC and Baptist Memorial had agreed to settle the lawsuit by entry of a consent judgment. The letter notified Bland that there was no provision in the

consent decree for any back pay or other relief for her but that she could intervene in the case to pursue her individual claims. Bland returned the proposed consent decree to the EEOC with the comment written on it that the proposed decree did not cover her. "It was not for me. Your department has made a mistake. I am mailing this back to you."

On October 22, 1982, the consent decree was approved by the Court. It stated, in part, that "this decree is intended to and does resolve all matters in controversy between the parties as raised by the complaint in this action, including but not limited to, all claims of the Commission for and on behalf of the class of affected employees."

The decree stated that the hospital denied that it violated Title VII. The specific claims by Bland were not addressed. The final paragraph provided that

[t]he Commission shall not institute further suit against the Hospital based upon any charge filed prior to June 1, 1982, and alleging violations falling within the scope of the complaint in this action. Compliance with this Decree shall constitute full settlement of all issues in this lawsuit, and the complaint herein will be dismissed two years and two months after entry of this Decree.

On June 22, 1983, Bland filed a motion to intervene in the EEOC's case against Baptist Memorial Hospital. Baptist Memorial opposes the motion for intervention because it was not timely. Plaintiff responded with an affidavit stating that on August 6, 1982, she received a letter from the EEOC with a copy of the consent decree but she believed the letter had been erroneously sent to her. Plaintiff states that she did not seek an attorney until she received a right to sue letter from the EEOC dated January 4, 1983.

After Bland received the notice of right to sue from the EEOC she filed a *pro se* complaint against Baptist Memorial Hospital alleging employment discrimination. *Clarice Bland v. Baptist Memorial Hospital*, No. 83–0192–CV–W–9. On March 31,

1983, plaintiff filed another complaint alleging violations of Title VII, 42 U.S.C. § 2000e, *et seq.* and 42 U.S.C. § 1981. *Clarice Bland v. Baptist Memorial Hospital*, No. 83–0359–CV–W–9. These two complaints were consolidated on April 7, 1983.

On April 8, 1983, defendant filed a motion to dismiss *Bland v. Baptist Memorial Hospital*, No. 83–0359–CV–W–9. Because both parties presented matters outside the pleadings, defendant's motion to dismiss was treated as a motion for summary judgment and both parties were afforded an opportunity to present additional information. Order dated June 7, 1984. Thereafter, plaintiff filed an affidavit and some documents.

*Plaintiff's motion to intervene in Equal Employment Opportunity Commission v. Baptist Memorial Hospital, No. 79–0789–CV–W–4–9*

 Plaintiff seeks leave to intervene pursuant to Rule 24(a)(1), Federal Rules of Civil Procedure. An application for leave to intervene as of right must be timely. The determination of whether the request is timely is left to the sound discretion of the trial judge. *United States v. First Fidelity Bank of Colome*, 631 F.2d 568, 569 (8th Cir.1980). The determination of timeliness involves consideration of the following factors: 1) the progress of the litigation at the time intervention is sought; 2) the length of delay; 3) the reason for delay; and 4) the prejudice other parties would suffer if intervention were permitted. *EEOC v. Westinghouse Elec. Corp.*, 675 F.2d 164, 165 (8th Cir.1982).

 Bland filed her motion to intervene eight months after entry of the consent judgment and four years after the EEOC filed the lawsuit. Although Bland contends that she felt the proposed consent decree sent to her on August 6, 1982, did not apply to her, the letter from the EEOC which accompanied the consent decree stated that she had the right to intervene to protect her interests.

To permit plaintiff to intervene at this late date would transform the EEOC's case into an action essentially similar to the other two cases plaintiff already has pending.

Considering all factors, including the ruling on defendant's motion for summary judgment filed in plaintiff's private actions, Bland's motion to intervene in *EEOC v. Baptist Memorial Hospital*, No. 79–0789–CV–W–4–9, is not timely. Therefore, the motion is denied.

### Motion for summary judgment

Defendant contends that plaintiff's Title VII and § 1981 claims are barred because the consent decree in the EEOC case resolved "all claims of the Commission for and on behalf of the class of affected employees" which included Bland and Bland failed to intervene in the EEOC case. Plaintiff responds that the consent decree between the EEOC and Baptist Memorial Hospital does not preclude plaintiff's private action because it failed to provide individual relief for plaintiff.

Defendant relies on *McClain v. Wagner Elec. Corp.*, 550 F.2d 1115 (8th Cir.1977) which held that a plaintiff's individual Title VII claim was barred where the EEOC brought suit on his behalf and entered into a consent decree with his employer. The continuing viability of *McClain* is in doubt as a result of *General Telephone Co. of the Northwest v. EEOC*, 446 U.S. 318, 100 S.Ct. 1698, 64 L.Ed.2d 319 (1980) and *Ward v. Arkansas State Police*, 653 F.2d 346 (8th Cir.1981).

In *General Telephone*, the Supreme Court concluded that the class action provisions of Rule 23 were "not applicable to an enforcement action brought by the EEOC in its own name and pursuant to its authority under § 706 to prevent unlawful employment practices." *General Telephone*, 446 U.S. at 323, 100 S.Ct. at 1702. In reaching this conclusion, the Court emphasized that a civil suit by the EEOC pursuant to § 706 and a private action were parallel or overlapping remedies against discrimination.

The EEOC's civil suit was intended to supplement, not replace, the private action.... The EEOC was to bear the primary burden of litigation, but the private action previously available under § 706 was not superseded. Under § 706(f)(1), the aggrieved person may bring his own action at the expiration of the 180–day period of exclusive EEOC administrative jurisdiction if the agency has failed to move the case along to the party's satisfaction, has reached a determination not to sue, or has reached a conciliation or settlement agreement with the respondent that the party finds unsatisfactory. The aggrieved person may also intervene in the EEOC's enforcement action. These private-action rights suggest that the EEOC is not merely a proxy for the victims of discrimination and that the EEOC's enforcement suits should not be considered representative actions subject to Rule 23. Although the EEOC can secure specific relief, such as hiring or reinstatement, constructive seniority, or damages for backpay or benefits denied, on behalf of discrimination victims, the agency is guided by "the overriding public interest in equal employment opportunity ... asserted through direct Federal enforcement. 118 Cong.Rec. 4941 (1972). When the EEOC acts, albeit at the behest of and for the benefit of specific individuals, it acts also to vindicate the public interest in preventing employment discrimination.

*Id.* at 326, 100 S.Ct. at 1704.

The Court understood that defendant's interest in seeking to invoke class action status for EEOC civil actions was to secure "a judgment in the EEOC's suit that will be binding upon all individuals with similar grievances in the class or subclasses that might be certified." *Id.* at 332, 100 S.Ct. at 1707.

In light of the "general intent to accord parallel or overlapping remedies against discrimination," 415 U.S. 47, 94 S.Ct. at 1019, we are unconvinced that it would be consistent with the remedial purpose of the statute to bind all "class" mem-

bers with discrimination grievances against an employer by the relief obtained under an EEOC judgment or settlement against the employer. This is especially true given the possible differences between the public and private interests involved.

*Id.* at 332–33, 100 S.Ct. at 1707–08.

In *Ward,* 653 F.2d at 348, the Eighth Circuit Court of Appeals considered whether a consent decree obtained by the United States against the State of Arkansas barred Ward's Title VII action for discriminatory hiring against the Arkansas State Police. The consent decree prohibited discriminatory hiring practices by the Arkansas State Police and imposed remedies. The Court concluded that even though Ward might have obtained individual relief under the consent decree, he was not thereby precluded from bringing a private action against the Arkansas State Police.

> With regard to the preclusive effect of consent judgments in non-class actions brought by the Government under title VII, the Supreme Court has stated that such judgments do not bar the potential beneficiaries of a decree from pursuing their title VII remedies individually. *General Telephone Co. v. EEOC,* 446 U.S. 318, 332–33, 100 S.Ct. 1698, 1707–1708, 64 L.Ed.2d 319 (1980). Under title VII, the potential beneficiaries of a consent decree obtained by the Government in settlement of a non-class action are not "in privity" with the government for purposes of res judicata. Thus, we determine Ward is not precluded from individual relief merely because he might have obtained some relief if he had acted expeditiously under the consent decree.

> . . . . .

> A consent decree which does not purport to have res judicata effect, to which Ward was not a party, and under which he has received no relief cannot bar Ward's claim under title VII.

*Id.* at 348–349.

■ As in *Ward,* the consent decree in *Bland v. Baptist Memorial Hospital* did not purport to have a res judicata effect on Bland's individual claim. Bland was not a party to the action and Bland received no relief under the consent decree. The consent decree only resolved the dispute between the EEOC and the hospital. Even though Bland was a member of the class the EEOC was representing, in fact was one of the charging parties, she was not automatically bound by the relief obtained under the EEOC settlement. *General Telephone,* 446 U.S. at 332–33, 100 S.Ct. at 1707–08. The absence of any relief for Bland under the consent decree plus her rejection of it prevents the consent decree from barring Bland's private action under Title VII and § 1981. *Ward,* 653 F.2d at 348–349.

A defendant may obtain protection against some private actions as a result of settlement of an EEOC action. *General Telephone,* 446 U.S. at 333, 100 S.Ct. at 1707. However, protection from later private actions can be obtained only if the consent decree affords relief to the individual and the individual takes advantage of that relief. If the claimant rejects the consent decree and if no relief was afforded to the claimant by the consent decree, the claimant's private action is not foreclosed by the settlement of the EEOC action.

Therefore, for the reasons stated, it is hereby ORDERED that:

1) plaintiff's motion to intervene in *Equal Employment Opportunity Commission v. Baptist Memorial Hospital,* No. 79–0789–CV–W–4–9, is denied;

2) defendant's motion for summary judgment in *Bland v. Baptist Memorial Hospital,* No. 83–0359–CV–W–9, is denied;

3) this Order shall be filed in *Equal Employment Opportunity Commission v. Baptist Memorial Hospital,* No. 79–0789–CV–W–4–9; *Bland v. Baptist Memorial Hospital,* No. 83–0359–CV–W–9; and *Bland v. Baptist Memorial Hospital,* No. 83–0192–CV–W–9; and

4) The parties shall file a proposed scheduling order within thirty days from the date of this Order.