Lucinda DOZIER *v.* Grover Cleveland VEASLEY

80-231                                                613 S.W. 2d 93

Supreme Court of Arkansas
Opinion delivered March 23, 1981

*Milton Lueken*, for appellant.

*Ben E. Rice*, for appellee.

GEORGE ROSE SMITH, Justice. In this bastardy action brought by appellant to recover judgment for the support of her illegitimate child, the only question is whether the circuit court was correct in entering summary judgment for the putative father on the ground that the mother's action is barred by the statute of limitations. The summary judgment must be reversed on the authority of a decision handed down by this court after the entry of the judgment below. *Winston v. Robinson*, 270 Ark. 996, 606 S.W. 2d 757 (1980).

The child was born on October 1, 1973, but appellant did not bring this action in the county court until July 12, 1979, more than five years later. The county court found the appellee to be the father of the child and ordered him to pay $20 a week for the child's support from January 1, 1980, until the child reaches sixteen, the age limit fixed by statute. Ark.

Stat. Ann. § 34-706 (Repl. 1962). On appeal the circuit court sustained the father's motion for summary judgment on the ground of limitations.

We considered essentially the same question in the *Winston* case, where the issue was whether the three-year statute or the five-year statute was controlling, the suit having been brought four and a half years after the birth of the child. We applied the three-year statute, saying: "This Court holds that the three-year statute is the applicable statute, but that the statute does not bar the entire cause of action, only support for the period more than three years prior to the filing of the complaint."

We are not persuaded by the appellee's argument that, in spite of our holding in *Winston*, there are actually two causes of action in the mother, one to establish paternity, which is governed by the five-year statute, and the other for support, which can be asserted only for the preceding three years. The statutes recognize only one fundamental reason for a bastardy action, the recovery of support money for the infant. In some instances the mother might not see fit to bring an action at once; she might, for instance, be self-supporting. But the child is the real party in interest and should not be deprived of needed support by the mother's failure to bring an action. In fact, the statute provides that upon the death of the mother before judgment, the action is to be revived in the name of the child. § 34-704. We construe the statute liberally in favor of the child, in harmony with the legislative intent. In that view the present action is not barred by limitations.

Reversed and remanded.

ADKISSON, C.J., disqualified and not participating.