Gayle TERRY, ex rel CHRISTIAN BOOK CENTER, INC. *v.* Lee TAYLOR and Edjuana TAYLOR

87-97                                737 S.W.2d 437

Supreme Court of Arkansas
Opinion delivered October 5, 1987

*Robert E. Irwin*, for appellant.

*Bullock & McCormick*, by: *David H. McCormick*, for appellee.

JACK HOLT, JR., Chief Justice. At issue in this chancery action is whether it is barred by a prior circuit court judgment under the doctrine of res judicata. Jurisdiction is pursuant to Rule 29(1)(j) of the Rules of the Arkansas Supreme Court.

On June 27, 1978, the appellant, Gayle A. Terry (Terry), filed a petition in the Chancery Court of Pope County for an accounting of the business operations of the Christian Book Center, Inc. (Center), in which Terry and the appellees, Lee Taylor (Taylor) and his wife Edjuana, each owned 50% of the stock. The petition alleged that Lee and Edjuana Taylor had operated the Center to the exclusion of Terry and also had denied him knowledge of the affairs of the corporation. In addition to an accounting, Terry asked the court to issue an order declaring both Taylors to be constructive trustees for the use and benefit of the Center and Terry.

Gayle Terry and Jane Terry, his wife, filed an action on September 6, 1979, against the Taylors in the Circuit Court of Pope County alleging that Lee Taylor had used his position of trust for his own private gain. This, the Terrys claimed, resulted in damage to their interest in the Center and to the Center's economic value. They prayed for damages of $25,000 on behalf of

the Center and \$35,000 on behalf of them individually. On November 13, 1981, the jury returned a verdict for the Terrys and the Center against the Taylors and fixed the damages at \$35,000, which compensated the Center and the Terrys for loss of profits caused by Lee Taylor's breach of trust. We affirmed the decision of the circuit court in *Taylor v. Terry, Individually, ex rel Christian Book Center, Inc.*, 279 Ark. 97, 649 S.W.2d 392 (1983).

On October 5, 1982, in the chancery court action, Taylor filed a brief in support of his prior motion for summary judgment arguing that since the chancery action involves matters that are necessarily within the issues that were litigated or might have been litigated in the circuit court action, it is barred by the doctrine of res judicata.

In December of 1986, the chancery court granted the motion for summary judgment. The court based its ruling on its determination that the judgment in the circuit court action barred the chancery action under the doctrine of res judicata. It is from this order that Gayle appeals.

Terry contends that the chancery court erred in granting summary judgment in that it based its ruling on an erroneous determination that the judgment in the circuit court action barred the chancery action. Under the doctrine of res judicata, the judgment or decree of a court of competent jurisdiction upon the merits concludes the parties to the litigation and constitutes a bar to a new action involving the same claim or cause of action before the same or any other tribunal. *Bailey v. Harris Brake Fire Protection Dist.*, 287 Ark. 268, 697 S.W.2d 916 (1985); *Meyer v. Eichenbaum*, 202 Ark. 438, 150 S.W.2d 958 (1941).

Terry argues that since the parties were not the same in both actions, res judicata is not a bar. Precisely identical parties are not required; a substantial identity is sufficient. *Wells v. Ark. Public Svc. Comm'n*, 272 Ark. 481, 616 S.W.2d 718 (1981). When a party to one action in his individual capacity and to a second in his representative capacity is, in both cases, asserting or protecting his individual rights, the doctrine of res judicata binds him. *Estate of Knott v. Jones*, 14 Ark. App. 271, 687 S.W.2d 529 (1985).

In the circuit court action, Terry asserted both his individual and corporate rights. Terry's prayer for relief asked for both corporate and individual damages; the judgment on the jury verdict reflects a finding for Gayle A. Terry and Jane Terry, individually, and Christian Book Center, Inc. against Lee Taylor in the sum of $35,000.

Both the circuit and the chancery court suits arose out of a series of connected transactions involving Taylor and the business activities of the Center. Thus, both actions involve the same single claim for the purposes of res judicata. *Restatement (Second) of Judgments* (1980) § 24. Therefore, the circuit court judgment bars Terry's chancery court claim. *Bailey*, 287 Ark. 268, 697 S.W.2d 916.

A summary judgment should be granted when there is no genuine issue of material fact for trial. *Wolner* v. *Bogaev*, 290 Ark. 299, 718 S.W.2d 942 (1986). Since the chancery suit is barred by res judicata, the chancery court did not err in its finding that there was no genuine issue of material fact for trial. Therefore, we affirm the judgment of the chancery court.