Margie Katrina McCORMAC (Lewis) *v.* Michael Bryan McCORMAC

90-225                                        799 S.W.2d 806

Supreme Court of Arkansas
Opinion delivered December 10, 1990

*Phil Stratton*, for appellant.

*Linda P. Collier*, for appellee.

ROBERT H. DUDLEY, Justice. The appellant, the mother in this child visitation dispute, filed a suit for divorce against appellee in 1988. In her complaint the mother alleged "there was one child born of this marriage, namely Jared Tyler." The allegation was admitted by appellee and, in his counter-claim for divorce, appellee alleged "there was one child born of this marriage, namely Jared Tyler McCormac." The property settlement provided "there is one child born of this marriage." The trial court held it had "jurisdiction over the parties and the subject matter of this action," awarded custody of the child to the mother, fixed the amount of child support, and set visitation rights.

The appellee subsequently filed a petition asking that the mother be held in contempt for refusing to allow him to visit the child. The mother filed a counter-claim for a declaratory judgment that appellee was not the child's biological father. In it, she sought cancellation of the order of visitation. The trial court held that the counter-claim was barred by the doctrine of *res judicata*. Appellant appealed. We dismissed the appeal because the contempt matter was still pending. *McCormac v. McCormac*, 302 Ark. 187, 787 S.W.2d 692 (1990). The contempt matter now has been disposed of, and the appellant mother again appeals contending that the doctrine of *res judicata* should not prevent her from litigation the issue of fatherhood of the child. The appeal is without merit.

■■ The doctrine of *res judicata* applies when there has been a final adjudication on the merits of an issue, without fraud or collusion, by a court of competent jurisdiction, on the matters litigated or which might have been litigated. *Wells v. Arkansas Pub. Serv. Comm'n*, 272 Ark. 481, 483, 616 S.W.2d 718, 719 (1981). The policy of the law is to end litigation by preventing a party who has had one fair trial of a question of fact from again drawing it into question. Here, the mother pleaded in the divorce action that there was a child born of the marriage, the appellee admitted the fact. The court found that it had subject matter

jurisdiction and awarded custody, set child support, and fixed visitation. The mother cannot now, in a later suit, re-litigate the fact that appellee is the biological father of the child.

She argues that in May 1988, at the time of the divorce decree, the chancery court did not have subject matter jurisdiction over issues relating to paternity because such jurisdiction was in the county court. See Ark. Const. art. 7, § 28. From that basis she argues that the factual question has never been decided by a court of competent jurisdiction. The argument is without merit.

■ Jurisdiction is tested upon the pleadings. *Springdale School Dist.* v. *Jameson*, 274 Ark. 78, 621 S.W.2d 860 (1981); *Merchants Bank* v. *Affholter*, 140 Ark. 480, 215 S.W. 648 (1919); *Modern Laundry* v. *Dilley*, 111 Ark. 350, 163 S.W. 1197 (1914). Here, both parties pleaded in the chancery court that the child was born of the marriage. Without question, the chancery court had subject matter jurisdiction to decide the custody, support, and visitation of a child born of the marriage. Thus, the chancery court had jurisdiction to try the issue pleaded and proven. It is a matter adjudged.

Affirmed.