NICHOLS BROTHERS INVESTMENTS *v.* RECTOR-
PHILLIPS-MORSE, INC. and Bill Haupt

CA 90-116 801 S.W.2d 308

Court of Appeals of Arkansas
Division II
Opinion delivered December 26, 1990

48

*Friday, Eldredge & Clark*, by: *Jerry L. Malone*, for appellant.

*Gill & Elrod*, by: *W.W. Elrod II*, for appellee.

JAMES R. COOPER, Judge. The appellant in this civil case filed an action for fraud and misrepresentation against the appellees. The appellees raised the affirmative defense of res judicata and filed a motion for summary judgment on that basis. The trial court granted the appellees' summary judgment motion in an order entered November 21, 1989. From that decision, comes this appeal.

For reversal, the appellant contends that the trial court erred

in granting summary judgment. We find no error, and we affirm.

The record shows that a representative of the appellant partnership entered into a real estate contract to purchase real property in the Hyland Homes Subdivision in Little Rock. The vendor, Aileen Jackson, had an exclusive listing contract with the appellee, Rector-Phillips-Morse, Inc. (RPM). The other appellee, Bill Haupt, was the salesman with RPM who showed the property to the appellant, which resulted in the appellant entering into a contract to purchase the property from Mrs. Jackson. However, the appellant subsequently denied that it was obligated to purchase the property, and Mrs. Jackson filed a suit for specific performance in the chancery court of Pulaski County. The appellant defended by asserting that it could not obtain financing and that the appellees, as Mrs. Jackson's agents, had made material misrepresentations concerning the size, boundaries, and value of the property. The appellee, Bill Haupt, testified at trial concerning the alleged misrepresentation. The chancellor ordered specific performance of the contract but made no findings regarding the appellant's defense of misrepresentation. The appellant filed a notice of appeal, but subsequently arrived at a settlement with Mrs. Jackson, and the appeal was dismissed.

Subsequently, the appellant filed an action against the appellees in the Pulaski County Circuit Court, alleging fraud and misrepresentation. The appellees' motion for summary judgment on the basis of res judicata was granted, and this appeal followed.

The appellant first argues that summary judgment was erroneously granted because there existed an issue of material fact concerning whether the appellees were in privity with the plaintiff in the prior action. We do not agree. Actual privity is not a prerequisite to the application of res judicata under Arkansas law; instead, one whose liability is dependent on the liability of a person exonerated in an earlier suit on the same facts may take advantage of the bar of the earlier judgment even though he was not a party to the prior action, or in privity with a party to the prior action. *Ted Saum & Co.* v. *Swaffer*, 237 Ark. 971, 377 S.W.2d 606 (1964). In the case at bar we think it clear that the appellees' liability is dependent on the extent to which Mrs. Jackson was subject to the defense of misrepresentation asserted in the specific performance action. The parties do not

dispute that the appellees were Mrs. Jackson's agents in the real estate transaction, or that the chancellor ordered specific performance despite the appellant's defense of misrepresentation by the present appellees as Mrs. Jackson's agents. A judgment in favor of the principal, sued alone, is res judicata in a subsequent action against the agent. *See Ted Saum & Co.* v. *Swaffer, supra.* We see no meaningful distinction in the fact that the appellant, as defendant below, unsuccessfully asserted misrepresentation as a defense, rather than as a cross claim, because the appellant was entitled to assert the alleged misrepresentation of Mrs. Jackson's agents as a cross claim under Ark. R. Civ. P. 13. Res judicata applies to claims that might have been litigated, as well as to those that were actually litigated. We hold that the appellees are sufficiently identified with the plaintiff in the former action to avail themselves of res judicata in the case at bar. *See Wells* v. *Heath*, 269 Ark. 473, 602 S.W.2d 665 (1980).

■ The appellant next argues that res judicata does not apply because the case at bar is an action for fraud and misrepresentation, while the prior action was for specific performance. We find no merit in this argument. Res judicata bars a subsequent suit when the subsequent suit involves the same subject matters as those determined or which could have been determined in the former suit, and the issues and remedies raised in the subsequent suit need not be identical to those raised in the former suit. *Swofford* v. *Stafford*, 295 Ark. 433, 748 S.W.2d 660 (1988). The case at bar, while raising new factual issues and seeking additional remedies, is based on the same events and subject matter, and might have been presented in the former suit. We find no error on this point.

■ Next, the appellant contends that res judicata was inapplicable because the present action against the appellees for fraud and misrepresentation could not have been litigated in the prior specific performance action. We do not agree. Arkansas Rule of Civil Procedure 14(a) permits a defendant to file a third-party complaint against a person who is or may be liable to him for all or part of the plaintiff's claim against him. Despite the appellant's assertions to the contrary, the rule does not require that the third party's liability to the defendant be based on the same theory of law as the defendant's liability to the plaintiff. Moreover, it is clear that the chancery court would have had

subject-matter jurisdiction of the present tort claim through exercise of the equity clean-up doctrine. *Liles* v. *Liles*, 289 Ark. 159, 711 S.W.2d 447 (1986). We conclude that the present action could have been litigated in the prior specific performance action, and we find no error on this point.

 Finally, the appellant contends that res judicata does not apply because the chancellor made no findings regarding the defense of misrepresentation asserted by the appellant in the prior action. We find no merit in the appellant's argument that the issue of misrepresentation was not necessarily decided in the prior specific performance action because the chancellor found that the appellant was estopped to deny that any conditions of the contract were not met. The record of the prior action shows that the present appellant asserted that his performance was conditioned on obtaining financing at a specified interest rate. Such a condition, which follows liability on a contract but provides for a contingency which, if it occurs, will defeat a contract already in effect, is a condition subsequent. *See generally* 17 Am. Jur. 2d *Contracts* § 323 (1964). In contrast, the defense of fraud and misrepresentation addresses itself to the validity of the assent essential to the formation of the contract, rather than to acts or events which occur after a contract has been formed. *See Dziga* v. *Muradian Business Brokers, Inc.*, 28 Ark. App. 241, 773 S.W.2d 106 (1989); *see generally* 17 Am. Jur. 2d *Contracts* § 151 (1964). The chancellor in the prior action specifically found that the appellant was estopped to assert failure of conditions subsequent, and made no findings regarding misrepresentation or the validity of the parties' assent.

 Furthermore, although it is true that the chancellor made no specific findings with respect to the alleged misrepresentation, it is undisputed that the chancellor did, in fact, order specific performance of the real estate contract. This disposition necessarily involved a determination that no material misrepresentation had been made, because a contract for the purchase of real estate will not be specifically enforced unless it is free from fraud and misrepresentations of material facts. *See Robinson* v. *Florence Sanitarium*, 149 Ark. 355, 232 S.W. 590 (1921). Because the determination that specific performance was warranted could not have been made without deciding the question of misrepresentation adversely to the appellant, the subsequent

action for fraud and misrepresentation was barred by res judicata. *JeToCo Corp.* v. *Hailey Sales Co.*, 268 Ark. 340, 596 S.W.2d 703 (1980).

Affirmed.

CORBIN, C.J., and JENNINGS, J., agree.