Lee SCALLION *v.* James Thomas WHITEAKER IV
and Marian Scallion

CA 93-194                                   868 S.W.2d 89

Court of Appeals of Arkansas
Division II
Opinion delivered December 15, 1993

*Jones & Petty*, for appellant.

*Dover & Dixon, P.A.*, by: *W. Michael Reif* and *Monte D. Estes*, for appellees.

MELVIN MAYFIELD, Judge. Lee Scallion appeals from the Jefferson County Chancery Court's dismissal of his petition to be declared the natural father of Hannah Whiteaker, born on January 30, 1990. Appellant argues that it was error for the chancellor to hold his claim barred by the doctrine of res judicata. We agree and therefore reverse and remand this cause.

The record shows that when Hannah was conceived and born, the appellees, James Whiteaker and Marian Whiteaker (now Scallion), were married. In 1991, James Whiteaker filed a divorce complaint against Marian Whiteaker and sought custody of the parties' two children, one of whom was Hannah. In her answer and counterclaim, Mrs. Whiteaker stated that the two children were born of the marriage, but in an amendment to the counterclaim, she stated that Hannah was not the child of James Whiteaker. In the divorce decree of July 19, 1991, the chancellor found that the two children were born of the marriage and custody of the children was awarded to Mr. Whiteaker.

On August 5, 1992, the appellant, Lee Scallion, filed his petition seeking blood tests to establish paternity of Hannah. Although Marian Scallion was named a defendant in the petition, she waived appearance at the trial court level and has not filed a brief in the appeal of this case. In his petition, the appellant stated that he and Marian Whiteaker had married and that she had attempted to testify at the divorce hearing that James Whiteaker was not the father of the child but her testimony was excluded by the chancellor. By an amended answer, Mr. Whiteaker pleaded the defense of res judicata.

After hearing arguments of counsel on the issue of res judicata, the chancellor found the mother and appellant in privity because of their marriage, and he stated that appellant "does not have the legal right to pursue this action because of the prior

decree between his present wife and her former husband concerning paternity." He concluded that res judicata barred appellant's action.

Under the doctrine of res judicata, a valid and final judgment rendered on the merits by a court of competent jurisdiction bars another action by the plaintiff or his privies against the defendant or his privies on the same claim or cause of action. *Department of Human Servs.* v. *Seamster*, 36 Ark. App. 202, 204, 820 S.W.2d 298, 299 (1991). The doctrine of collateral estoppel or issue preclusion bars the relitigation of issues of law or fact actually litigated by the parties in the first suit. *Id.* There is no question that, in the courts of this state, the parents of the child are bound by the doctrine of res judicata when the issue of paternity has been litigated in a prior action between them. *Id.*

The parties here agree that appellant was not a party to the divorce action. However, Mr. Whiteaker contends on appeal that appellant was not a stranger to the action because he appeared at the hearing and testified that he was Hannah's father, and that his failure to intervene in the divorce action precludes his claim. We disagree. One who does not intervene, whether or not by right, is not at risk of being bound by the litigation, and is not subject to res judicata. *UHS of Arkansas, Inc.*, v. *City of Sherwood*, 296 Ark. 97, 103, 752 S.W.2d 36, 39 (1988).

We also disagree with appellee's assertion that *Jack* v. *Jack*, 796 S.W.2d 543 (Tex. Ct. App. 1990), supports his argument that appellant's claim was barred by res judicata. In that case, as in the case at bar, a divorce decree named two children of a marriage, and the mother's husband on remarriage petitioned for a finding of paternity of the younger child. The court found that for the claim to be barred by res judicata, the petitioner must have had an opportunity to participate in, or must have somehow been a part of, the divorce proceedings and the fact that the mother and the petitioner were married less than six months after her divorce from the presumed father failed to establish privity between the mother and the petitioner. *Id.* at 547. Although the court concluded that the claim was not barred by res judicata, it held the trial court properly dismissed the petitioner's claim because Texas law did not allow a person in the petitioner's position to rebut the marital presumption.

Although we do not find Arkansas cases addressing this precise issue, other courts have applied the same principles that the Texas court applied in factually similar cases. In *Nostrand* v. *Olivieri*, 427 So.2d 374 (Fla. Dist. Ct. App. 1983), the mother acknowledged in a marital separation agreement that the child was born of her marriage and therefore the court found she was estopped from denying her former position. Noting that courts of other states were in accord, the court held that the same principles did not apply to the mother's present husband because he was not a party to the marital settlement agreement or the proceedings which dissolved the prior marriage. *Id.* at 376. Also, in a Tennessee case, *In re Adoption of Johnson*, 678 S.W.2d 65 (Tenn. Ct. App. 1984), the current husband of the mother sought to adopt the child that the mother had acknowledged as a child born of her prior marriage. The alleged natural father (who was not the former husband) agreed to the adoption. The former husband argued the adoption petition was barred by res judicata. The court found that the mother was estopped to deny that the child was born of the former marriage; however, the court found that the current husband and the alleged natural father were not parties to the prior litigation and therefore did not suffer from the same infirmities. *Id.* at 68. *See also Gatt* v. *Gedeon*, 20 Ohio App.3d 285, 485 N.E.2d 1059 (1984).

In his order, the chancellor in the case at bar found that actual privity is not a prerequisite to the application of res judicata under Arkansas law and cited *Nichols Brothers Investments* v. *Rector-Phillips-Morse, Inc.*, 33 Ark. App. 47, 801 S.W.2d 308 (1990), in support of this finding. However, that case involved a finding of agency, and the court held that a judgment in favor of the principal, sued alone, is res judicata in a subsequent action against the agent. 33 Ark. App. at 50, 801 S.W.2d at 310. The court found that the appellees were sufficiently identified with the plaintiff in the former action to avail themselves of res judicata in the second action. *Id.* The supreme court and this court have found that precisely identical parties are not required and a substantial identification is sufficient in cases where only the capacity of the party differs. When a party to one action in his individual capacity and to a second action in his representative capacity is, in both cases, asserting or protecting his individual rights, the doctrine of res judicata binds him. See *Terry* v. *Tay-*

*lor*, 293 Ark. 237, 239, 737 S.W.2d 437, 438 (1987); *Estate of Knott* v. *Jones*, 14 Ark. App. 271, 274, 687 S.W.2d 529, 531 (1985). We do not find the same substantial identification in the case at bar.

We agree with appellant's argument that his petition was not barred by res judicata, and we therefore reverse and remand for further proceedings consistent with this opinion.

Reversed and remanded.

JENNINGS, C.J., and ROBBINS, J., agree.