WAL-MART STORES, INC. *v.* Lee DOUGLASS, Insurance Commissioner of Arkansas

CA 95-34                                            920 S.W.2d 857

Court of Appeals of Arkansas
En Banc
Opinion delivered May 8, 1996
[Petition for rehearing denied June 5, 1996.]

*Ronald A. Williams*, Wal-Mart Corporate Counsel and *Robinson, Staley & Marshall*, by: *Robert L. Robinson, Jr.* and *Patricia Stanley Luppen*, for appellant.

*Jack East, III*, for appellee.

MELVIN MAYFIELD, Judge. This is an appeal from an order of the Pulaski County Circuit Court which held that the appellant, Wal-Mart Stores, Inc., is "collaterally estopped from recovering any sums under the 'tail coverage' from the Arkansas Property and Casualty Insurance Guaranty Fund (Fund) and is bound by the Eighth Circuit's opinion." The appellee is the Administrator of the Fund and is also Ancillary Receiver of Transit Casualty Company.

In 1982, Wal-Mart, a self-insured employer, sought proposals for its workers' compensation insurance. Carlos Miro, who was authorized to issue and place insurance on behalf of Transit Casualty Company (which is now insolvent), offered to provide workers' compensation insurance coverage for all Wal-Mart employees for a flat and guaranteed premium of $3,500,000, which would not be increased regardless of losses. In addition to the workers' compensation insurance coverage, "tail coverage" (retroactive coverage for Wal-Mart's liability with respect to the period of time during which Wal-Mart was self-insured and which time period had already passed when coverage was purchased) would be provided for a guaranteed premium of $2,852,000. Wal-Mart accepted Miro's offer. When Transit issued the policy, it contained a provision for computation of premium in accordance with the standard manual rates which are on file with the appropriate state regulatory agencies and which are multiplied by the estimated payroll to reach the premium. The policy premium was $3,500,000 as agreed, but to reach the premium guarantee, Wal-Mart's payroll, reported to Transit as $547,000,000, was reduced on the face of the policy to $250,000,000.

Policy claims were far beyond expectations, and in January

1985, Transit requested an additional premium of $13,000,000. Wal-Mart filed a declaratory judgment action in an Arkansas federal district court seeking to enforce the policy as written. Transit answered and filed a counterclaim seeking to recover additional premiums in the amount of approximately $20,000,000. During the pendency of the action, a Missouri court entered an order of insolvency against Transit and appointed a receiver.

In an opinion dated July 6, 1987, the federal district court held, among other things, that the agreement under which Wal-Mart would pay a flat rate for workers' compensation insurance was void and unenforceable. The district court refused to apply the doctrine of *in pari delicto* and "leave the parties where it found them" and held that Wal-Mart was liable for the sum of $16,772,144 in additional premiums for the coverage. The district court could find no basis, however, to hold that the "tail coverage" was not in compliance with the law and held that the "tail coverage" was fully enforceable according to its terms. *Wal-Mart Stores, Inc. v. Crist*, 664 F. Supp. 1242 (W.D. Ark. 1987).

Wal-Mart appealed to the Eighth Circuit Court of Appeals, and in an opinion dated December 26, 1988, the court of appeals agreed that the agreement was illegal and violated state law. The Eighth Circuit, however, applied the doctrine of *in pari delicto* and held that the district court should have denied relief on both Wal-Mart's action for declaratory judgment and Transit's counterclaim for payment of premiums. The Eighth Circuit reversed the decision of the district court with respect to Transit's counterclaim and remanded to the district court with directions to dismiss the case without relief to either party. The opinion was silent as to the "tail coverage" except for a footnote in which the court stated that the portion of the district court's decision holding that the "tail coverage" was a fully enforceable agreement binding on both parties was not challenged on appeal, and "we shall not discuss it further." *Wal-Mart Stores, Inc. v. Crist*, 855 F.2d 1326 (8th Cir. 1988).

On August 19, 1991, the appellee filed a "Motion for Order Denying Claim of Wal-Mart Stores, Inc." (No. 85-011593) in Pulaski County Circuit Court. The appellee stated that in January and February 1986 Wal-Mart made a demand for indemnification and loss adjustment expenses from the Arkansas Property and Casualty Insurance Guaranty Fund for claims arising under the Transit policies; that the appellee refused to honor the demands because the

validity of the "tail coverage" was the subject of litigation in federal district court; that the "tail coverage" was ultimately declared to be part of an illegal agreement by the Eighth Circuit; that Wal-Mart failed to seek review of the Eighth Circuit decision; and that Wal-Mart is barred by res judicata and collateral estoppel from relitigating the legality of the insurance contracts between it and Transit. The appellee stated that Wal-Mart had made a claim against the Fund for the "tail coverage" in the amount of $445,516.40. The appellee asserted that the Fund is responsible only for the payment of "covered claims" as defined by Ark. Code Ann. § 23-90-103(2); and that because, under the Eighth Circuit opinion, there is no valid policy of insurance, there are no "covered claims." The appellee asked for an order denying Wal-Mart's claim.

On August 21, 1991, the appellee filed a "Complaint and Motion to Transfer and Consolidate Actions" in Pulaski County Circuit Court (No. 91-4836). In the complaint, the appellee stated that, under the mistaken belief that Transit had insured Wal-Mart with valid and legally enforceable policies of insurance, the Commissioner had paid $221,702.02 to claimants and as claims adjusting expense until August 25, 1988, and an additional $31,031.03 since that date. The appellee stated that the Eighth Circuit had found the agreement illegal and asked for a monetary judgment in the amount of $252,733.05 together with prejudgment interest as allowed by law and attorney fees. The appellee also asked that case No. 91-4836 be transferred to Pulaski County Circuit Court, 7th Division, and that an order be entered consolidating case No. 91-4836 with case No. 85-011593.

On October 21, 1991, Wal-Mart filed a "Motion for Partial Summary Judgment" in both cases. Wal-Mart alleged it was entitled to partial summary judgment in No. 85-011593 because the federal district court held the "tail coverage" was properly issued and that policy enforceable according to its terms; that decision was not appealed to the Eighth Circuit; and the Eighth Circuit did not decide that issue.

On October 28, 1991, cases No. 91-4836 and 85-011593 were transferred to Pulaski County Circuit Court, 2nd Division, and the cases were consolidated.

On June 9, 1993, the appellee filed a motion for summary judgment in connection with the workers' compensation insurance

claims in case No. 91-4836, and on November 8, 1993, the circuit judge entered an order granting appellee's motion for summary judgment in No. 91-4836. No appeal was taken from that order and we shall not consider it further.

On June 19, 1994, the circuit judge entered an order in No. 85-011593 granting the appellee's "Motion for Order Denying Claim of Wal-Mart Stores, Inc." in regard to the "tail coverage". The circuit judge held that the Eighth Circuit found that Transit and the appellant were parties to an illegal agreement; that the "tail coverage" was part of that agreement; and that the Eighth Circuit dismissed the case, including the "tail coverage", without relief to any party. The circuit judge held, therefore, that Wal-Mart is collaterally estopped from recovering any sums under the "tail coverage" and is bound by the Eighth Circuit's opinion.

Appellant argues on appeal that the trial court erred in holding that, because of the Eighth Circuit's opinion, it was collaterally estopped from recovering any sums from the Fund. Appellant contends that the Eighth Circuit opinion dealt solely with Transit's counterclaim for additional workers' compensation insurance premiums and had nothing to do with the "tail coverage."

■■ The doctrine of collateral estoppel or issue preclusion bars the relitigation of issues of law or fact actually litigated by the parties in the first suit. *Scallion v. Whiteaker*, 44 Ark. App. 124, 868 S.W.2d 89 (1993). In the instant case, the issue of "tail coverage" was decided by the federal district court which held that the "tail coverage" was fully enforceable according to its terms. *Wal-Mart Stores, Inc. v. Crist*, 664 F. Supp. 1242 (W.D.Ark. 1987). Although an appeal was taken in that case, the finding with regard to "tail coverage" was not appealed from. Indeed, in *Wal-Mart Stores, Inc. v. Crist*, 855 F.2d 1326 (8th Cir. 1988), the Eighth Circuit stated that the district court's decision regarding "tail coverage" was not challenged on appeal and "we shall not discuss it further." Therefore, the decision of the federal district court was final on this issue and the trial court erred in holding that appellant was collaterally estopped by the Eighth Circuit's opinion.

Reversed and remanded for further proceedings not inconsistent with this opinion.

COOPER, STROUD, NEAL, and GRIFFEN, JJ., agree.

JENNINGS, C.J., dissents.

JOHN E. JENNINGS, Chief Judge, dissenting. The majority opinion accurately sets forth the procedural history in this case. It must also be conceded that the footnote contained in the opinion of the Eighth Circuit Court of Appeals lends support to the view that the majority takes. I cannot agree, however, that the decision of the trial court should be reversed.

First, the so called "tail-coverage" was made a part of the insurance policy by way of endorsement and the insurance policy was held to be an illegal bargain by the Eighth Circuit. The court specifically held that the district court should have found the parties in pari delicto and refused to grant relief of any sort. It specifically held that the district court should have denied relief on Wal-Mart's action for a declaratory judgment. The last sentence of the opinion of the Eighth Circuit states, "We reverse the decision of the district court with respect to *Transit's* counterclaim, and remand with directions to dismiss the case without relief to any party." On remand, the district court ordered "that the parties take nothing and that this action be dismissed on the merits without relief to any party." No appeal was taken from this order.

Clearly the Eighth Circuit's holding that the parties to the insurance contract were in pari delicto is binding on the Pulaski County Circuit Court. So is the district court's dismissal on remand. Under these circumstances I cannot agree that the Pulaski County Circuit Court erred in denying Wal-Mart the relief that it now seeks against the state insurance commissioner. Therefore, I respectfully dissent.