# Kenneth BLANKENSHIP *v*. OFFICE OF CHILD SUPPORT ENFORCEMENT

CA 96-1147                                      952 S.W.2d 173

Court of Appeals of Arkansas
Division I
Opinion delivered September 10, 1997

*Jack W. Barker*, for appellant.

*Beverly E. Carpenter*, for appellee.

TERRY CRABTREE, Judge. Appellant Kenneth Blankenship argues that the trial court erred by exercising personal jurisdiction over him for a paternity complaint when the mother testified that the conception occurred outside of Arkansas. Further, appellant argues that the trial court erred in refusing his motion to dismiss — based on a dismissal of an earlier complaint for lack of the statutorily required evidence — on the theory of *res judicata*.

Appellant has defended three separate actions regarding this paternity suit.

The first paternity action was brought by the Office of Child Support Enforcement on behalf of the maternal grandmother, who had custody of the child at the time. That action was dismissed due to the State's failure to put on corroborating testimo-

nial evidence from the mother to support the DNA evidence of paternity. Ark. Code Ann. § 9-10-108(a)(1)(4)(Repl. 1993).

The State refiled the same paternity complaint a second time, but in the name of the mother instead of the maternal grandmother. The second trial, before a different chancellor, resulted in dismissal when the mother testified, contrary to the allegations in the complaint for paternity, that she and appellant lived in Louisiana, not Arkansas, at the time of conception. Based on this admission, appellant objected to lack of personal jurisdiction, and the trial court granted a dismissal.

The State asked the trial judge to reconsider, arguing that appellant's appearance and failure to raise the personal jurisdiction defense by motion or special appearance constituted a waiver of the defense. The trial court agreed, reinstated the action, and commenced a third trial. At the third trial, the court denied appellant's motion to dismiss based on collateral estoppel and *res judicata*, viewed the DNA testing, heard corroborating testimony from the mother, entered a finding of paternity, and ordered support payments to a trust pending this appeal.

### Personal Jurisdiction

■ Appellant argues that the court could not properly exercise personal jurisdiction over him when the mother admitted that the child was conceived in Monroe, Louisiana. However, Ark. R. Civ. P. 12 provides that the defense of lack of personal jurisdiction is waived if not raised in a motion before the cause is heard on the merits. *Searcy Steel Co. v. Mercantile Bank*, 19 Ark. App. 220, 719 S.W.2d 277 (1986). While a special appearance to contest jurisdiction is no longer required, *see Fausett v. Host*, 315 Ark. 527, 868 S.W.2d 472 (1994), appellant failed to assert lack of personal jurisdiction as a defense until midway through his second trial. Accordingly, we hold the appellant's failure to assert the defense of lack of personal jurisdiction in a timely manner amounts to a waiver of the defense.

## Collateral Estoppel and Res Judicata

■ Collateral estoppel bars the relitigation of issues, while *res judicata* bars the relitigation of claims. The policy consideration behind both theories is the finality of litigation. *Coleman's Serv. Ctr. Inc. v. Federal Deposit Ins. Corp.*, 55 Ark. App. 275, 935 S.W.2d 289 (1996); *see also* Newbern, Arkansas Civil Practice and Procedure (2d ed.), § 26-13. *Res judicata* is applicable here since appellant seeks to bar the entire litigation based on the initial dismissal for the State's failure of proof.

■ *Res judicata* bars a later suit when (1) the first suit resulted in a final judgment on the merits; (2) the first suit was based on proper jurisdiction; (3) both suits involved the same cause of action; and (4) both suits involved the same parties or their privies. *Ward v. Arkansas State Police*, 653 F.2d 346 (8th Cir. 1981). *Res judicata* or claim preclusion bars the relitigation of issues which were actually litigated *or which could have been litigated in the first suit. Federated Dep't. Stores v. Moitie*, 452 U.S. 394 (1981)(emphasis added). Finally, *res judicata* can only apply where both parties had a "full and fair opportunity" to litigate the claim. *Id.*

*Res judicata* may not apply when a trial court splits a claim, preserving certain issues for future litigation, or when the court makes an express reservation, commonly denoted "without prejudice." *See Coleman's Serv. Ctr., supra* at 294-96, citing Section 26(1)(b) of the Restatement (Second) of Judgments (held that court must expressly reserve future claims to avoid *res judicata* preclusion).

■ Here, the first suit and dismissal for the State's failure of proof satisfy the elements of *res judicata*. First, the dismissal was granted after both sides had a full and fair opportunity to put on evidence. The trial court noted that the State failed to seek a continuance to find the mother and acquire her necessary testimony. Instead, the State put on a case consisting entirely of the DNA testing report. While this scientific evidence is logically conclusive that appellant is the father, Judge Guthrie's reading of the statute, Ark. Code Ann. § 9-10-108 (Repl. 1993), places appropriate emphasis on the use of "and," which plainly requires

that DNA results must be accompanied by corroborating testimony of the mother. The State apparently later convinced Judge Anthony that Judge Guthrie's dismissal was "without prejudice," and that refiling was therefore not barred. However, the text of the initial order, along with the accompanying analysis in Judge Guthrie's letter opinion, lacks any express reservation of the right to refile, and is therefore a proper basis for applying *res judicata*.

The second prong of the *res judicata* test requires that the initial suit be based on proper jurisdiction. While appellant objects to personal jurisdiction in this appeal, which if the court agreed would be fatal to this prong of the *res judicata* analysis, appellant's waiver, as discussed above, amounts to proper jurisdiction.

Third, the initial suit, and the subsequent two, involve the same cause of action. Each was a complaint for paternity seeking reimbursement for benefits and future child support in the best interest of the same child.

Finally, much *res judicata* litigation turns on privity. The parties to the suits must be the same, or must be in privity with each other. "Privity of parties within the meaning of *res judicata* means 'a person so identified in interest with another that he represents the same legal right.'" *Robinson v. Buie*, 307 Ark. 112, 817 S.W.2d 431 (1991), (quoting *Spears v. State Farm Fire & Cas. Ins.*, 291 Ark. 465, 725 S.W.2d 835 (1987)). "The parties need not be precisely the same for a judgment in one action to bar another, as long as there is a substantial identity and the same claim is at stake." Newbern, *supra*, citing *Terry v. Taylor*, 293 Ark. 237, 737 S.W.2d 437 (1987). Here, the first case was brought by the State on behalf of the maternal grandmother, while the second and third cases were brought by the State on behalf of the mother. However, the same State agency represented each claim, the claims were identical — seeking paternity and support — and the basis for all three claims was identical — the minor child in question. Further, both the grandmother and mother presumably represent the child and its best interests, and it therefore seems logical to hold them in privity on behalf of the child's interest, thus satisfying the fourth element of the *res judicata* analysis.

This approach is consistent with our holding in *Department of Human Servs. ex rel. Davis v. Seamster*, 36 Ark. App. 202, 820 S.W.2d 298 (1991). In *Seamster*, *res judicata* barred the State from relitigating a paternity action previously brought by the mother. However, we also recognized that paternity actions may be filed by the child as the named party, and that the child's rights in such matters may be different from those of the mother. *Id.* at 205. In the present case, while the State, the mother, and the maternal grandmother have exhausted their rights under *res judicata*, our holding here does not bar the child from pursuing her own paternity action.

## Conclusion

In the present case, attorneys for both parties were confused about whether the initial order included the words "without prejudice," and related conflicting opinions on this matter to the second chancellor. However, the record, as abstracted, is clear that the initial dismissal included no express reservation which would work to hold open the claim. Further, Judge Guthrie, in his letter opinion accompanying the first order of dismissal, discussed the fact that his decision would work to bar the plaintiff and her privies from collecting child support. His comments reflect this court's own analysis:

> In its letter brief plaintiff requested the opportunity to submit additional testimony. Defendant has objected to such request. At the hearing, neither plaintiff's client, the grandmother, nor the natural mother of the child was present. The absence of these crucial witnesses could have been remedied by a motion for a continuance prior to the hearing. In light of defendant's objection and the untimeliness of the request, additional testimony will not be allowed.

> The end result of this ruling is that the individual who is in all probability the natural father of the child will not be held accountable for the support of that child. However, this is a statutory cause of action with the requirements clearly set forth by the legislature. Regardless of the consequences, the Court must render its ruling according to the law.

We do not take lightly the consequence of reversing and dismissing this matter. Such a remedy is harsh in light of the scientific proof establishing appellant as the father and the ongoing duty of support inherent in all parents. However, this case is an egregious example of the Office of Child Support Enforcement repeating the same litigation three times to the detriment of judicial efficiency, the undermining of the finality of judgments, and the expense and time of the parties. While support of children is a vital State interest, the office charged with protecting this interest has no greater rights than private litigants before the courts, and the State's initial failure of proof is controlling in this case, despite the very strong countervailing policy of a child's right to support from his parents. *See Davis v. Office of Child Sup. Enforcement*, 322 Ark. 352, 356, 908 S.W.2d 649, 651-52 (1995).

Reversed and dismissed.

PITTMAN and AREY, JJ., agree.