Stephanie Deeanna MOON (Hamilton) *v.*
David MARQUEZ

CA 98-804                                   986 S.W.2d 103

Court of Appeals of Arkansas
Division I
Opinion delivered February 3, 1999

*Shackleford, Phillips, Wineland & Ratcliff, P.A.*, for appellant.

*Harrod Law Offices*, by: *David W. Harrod*, for appellee.

TERRY CRABTREE, Judge. Appellant Stephanie Deeanna Moon Hamilton appeals the order of the Ashley County Chancery Court changing the name of her daughter from Mikayla Dianne Moon to Mikayla Dianne Marquez at the request of the father, appellee David Marquez. Appellant alleges that appellee's petition to modify the paternity order was barred by *res judicata* and should not have been granted.

Appellee David Marquez filed a complaint to determine paternity against appellant, Stephanie Deeanna Moon, on May 18, 1993. In his complaint, appellee prayed "[t]hat the legal name of the minor child be changed to Mikayla Dianne Marquez." The case settled, and an agreed Paternity Order was entered on June 22, 1994. The paternity order listed the child's name as Moon. The Appellee testified at the hearing on modification of the paternity order that he dropped his request to change the name because it was dragging on and he wanted to see his daughter. He also stated that he did not object to Moon, but that the child was now using the stepfather's name, Hamilton, and that he did not want his child to use Hamilton.

■ Chancery decisions are reviewed *de novo* and are reversed only if we find that the chancellor's findings are clearly against the preponderance of the evidence. *Fitzpatrick v. Fitzpatrick*, 29 Ark. App. 38, 776 S.W.2d 836 (1989).

■ *Res judicata* bars a later suit when (1) the first suit resulted in a final judgment on the merits; (2) the first suit was based on proper jurisdiction; (3) both suits involved the same cause of action; and (4) both suits involved the same parties or their privies. *Ward v. Arkansas State Police*, 653 F.2d 346 (8th Cir. 1981). *Res judicata* or claim preclusion bars the relitigation of issues which were actually litigated *or which could have been litigated in the first suit. Federated Dep't Stores v. Moitie*, 452 U.S. 394

(1981)(emphasis added.) Finally, *res judicata* can only apply where both parties had a "full and fair opportunity" to litigate the claim. *Id.*

■ ■ However, our supreme court has previously held that in custody cases, although an order is final in that it may be appealed, the order may later be modified upon a showing of sufficient change in circumstances to justify modification. *Tucker v. Turner*, 195 Ark. 632, 113 S.W.2d 508 (1938). The court has adopted the "best interests of the child" criteria used in child-custody cases for cases determining whether to change or not change a child's surname. *McCullough v. Henderson*, 304 Ark. 689, 804 S.W.2d 368 (1991); *Matthews v. Oglesby,* 59 Ark. App. 127, 952 S.W.2d 684 (1997). This court stated in *Matthews v. Oglesby*, 59 Ark. App. at 130, 952 S.W.2d at 686 (1997)(citations omitted):

> [T]he decision to change or not change the child's surname should be "the product of the chancellor's informed discretion, exercised in response to what is deemed to be in the best interests of the child." When the best interests of the child are at stake, the chancellor should look into the peculiar circumstances of each case and act as the welfare of the child appears to require. *Clark v. Reiss*, 38 Ark. App. 150, 831 S.W.2d 622 (1992).

Appellant relies heavily on *Blankenship v. Office of Child Support Enforcement*, 58 Ark. App. 260, 263, 952 S.W.2d 173 (1997), for the proposition that appellee's request for a name change is barred by the doctrine of *res judicata*. That case was based on a statutory cause of action, in which the requirements for a determination of paternity were clearly delineated. *Id.* The case at hand is easily distinguishable in that paternity has already been established, there is a common-law right to a name change, and there is a policy in favor of determining issues affecting children based on what is in the child's best interests.

■ This cause of action is not barred by *res judicata* and the chancellor's order stands. Had the appellant challenged the issue of whether the name change was in the best interests of the child, we would have been able to address that issue on our *de novo* review; however, that issue was not appealed.

Affirmed.

ROGERS and ROAF, JJ., agree.