Cite as 2025 Ark. App. 212

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CV-24-30

|  |  |
|---|---|
| TALON STERKEL | Opinion Delivered April 9, 2025 |
| APPELLANT | APPEAL FROM THE BENTON COUNTY CIRCUIT COURT |
| V. | [NO. 04DR-23-890] |
| MICHAELA SISLER AND BROCK CARSON | HONORABLE CHRISTINE HORWART, JUDGE |
| APPELLEES | REVERSED AND REMANDED |

**STEPHANIE POTTER BARRETT, Judge**

Appellant Talon Sterkel appeals a Benton County Circuit Court order dismissing his paternity action against appellees, Brock Carson and Michaela Sisler. On appeal, Sterkel argues that res judicata and Arkansas Code Annotated section 9-10-115 (Repl. 2020) do not bar his paternity action. We reverse the dismissal order and remand the case for further proceedings associated with the petition to establish paternity.

Sterkel and Sisler were involved in a romantic relationship that resulted in the conception and birth of a minor child ("MC") in October of 2016 in California. On September 15, 2017, a DNA test revealed Sterkel is MC's biological father, a fact known to both Carson and Sisler. On October 21, 2018, Carson and Sisler were married. On November 16, Carson and Sisler signed and notarized a declaration of paternity in

California. The declaration of paternity required Carson to sign his name under the following language:

> I declare under the penalty of perjury under the laws of the State of California that I am the biological father of the child named on this declaration and that the information I have provided is true and correct. I have read and understand the rights and responsibilities described on the back of this form. I understand that by signing this form, I am consenting to the establishment of paternity, thereby waiving those rights. I am assuming all of the rights and responsibilities as the biological father of this child. I wish to be named as the father on the child's birth certificate.

The form also required Sisler to sign her name under the following language:

> I declare under the penalty of perjury under the laws of the State of California that I am the unmarried natural mother of the child named on this declaration and that the information I have provided is true and correct. I have read and understand the rights and responsibilities described on the back of this form. I certify that the man signing this form is the only possible father of this child. I know that by signing this form I am establishing the man signing this form as the biological father of this child with all the rights and responsibilities of a biological father under the laws of California. I consent to the establishment of paternity by signing this form.

Shortly after the declaration of paternity was filed in California, Carson's name was placed on MC's birth certificate.

On January 30, 2023, Carson and Sisler were divorced by the Benton County Circuit Court in case No. 04DR-22-1264. Sterkel was not a party to that action, and the circuit court found Carson is MC's legal father and parent on the basis of the 2018 declaration of paternity and because Carson's name is on MC's birth certificate.

On June 2, Sterkel filed his petition to establish paternity of MC. On July 11, Carson moved to dismiss Sterkel's petition to establish paternity on the basis that there was no allegation of fraud, duress, or material mistake of fact. On September 22, a hearing on the

2

motion to dismiss was held, and the circuit court granted Carson's motion to dismiss, finding that paternity of MC had been established by operation of law and legally adjudicated. The circuit court further found that Arkansas Rule of Civil Procedure 60(a) governs when a final judgment may be set aside, and Sterkel had not alleged the existence of newly discovered evidence, misrepresentation, or fraud as required under Rule 60.

Our standard of review for granting a motion to dismiss is whether the circuit court abused its discretion. *Steinbach v. Univ. of Ark.*, 2019 Ark. 356, 589 S.W.3d 350. An abuse of discretion is a high threshold requiring not only error in the circuit court's decision but also a determination that the ruling was made improvidently, thoughtlessly, or without due consideration. *Id.*

Sterkel first argues that the circuit court abused its discretion when it held the divorce decree between Carson and Sisler created a res judicata bar to this action. We agree. Res judicata bars relitigation of a subsequent suit when (1) the first suit resulted in a final judgment on the merits; (2) the first suit was based on proper jurisdiction; (3) the first suit was fully contested in good faith; (4) both suits involve the same claim or cause of action; and (5) both suits involve the same parties or their privies. *Ark. Off. of Child Support Enf't v. Williams*, 338 Ark. 347, 995 S.W.2d 338 (1999) (citing *Miller Cnty. v. Opportunities, Inc.*, 334 Ark. 88, 971 S.W.2d 781 (1998); *Hamilton v. Ark. Pollution Control & Ecology Comm'n*, 33 Ark. 370, 969 S.W.2d 653 (1998). Res judicata bars not only the relitigation of claims that were actually litigated in the first suit but also those that could have been litigated. *Williams*, *supra*; *Wells v. Ark. Pub. Serv. Comm'n*, 272 Ark. 481, 616 S.W.2d 718 (1981). Where a case is based

3

on the same events as the subject matter of a previous lawsuit, res judicata will apply even if the subsequent lawsuit raises new legal issues and seeks additional remedies. *Williams*, *supra*; *Swofford v. Stafford*, 295 Ark. 433, 748 S.W.2d 660 (1988). The policy of the doctrine is to prevent parties' relitigating issues on which they have already been given a fair trial. *McCormac v. McCormac*, 304 Ark. 89, 799 S.W.2d 806 (1990).

We conclude that the principle of res judicata based on the Carson divorce decree could not govern the outcome of this case for one simple reason: the Carson divorce action and the Sterkel paternity action do not involve the same parties or their privies. Under similar circumstances, we have held there was no substantial identification between the mother and an alleged biological father who did not participate in the divorce litigation. *See Scallion v. Whiteaker*, 44 Ark. App. 124, 868 S.W.2d 89 (1993). In the instant case, Sterkel was not a party to the divorce decree and was not in privity with a party to the divorce decree. We hold that the Carson divorce decree does not bar a subsequent paternity action by Sterkel under the principle of res judicata. We further hold that because the principle of res judicata does not apply, Rule 60(a) is inapposite to the instant case, and we need not address its application to Sterkel's paternity action.

Sterkel next argues that the modification provisions of Arkansas Code Annotated section 9-10-115 do not bar his paternity action. He is correct. The modification provisions of section 9-10-115 are not relevant to Sterkel's paternity action because his petition to establish paternity is an original action rather than a modification. *See Bean v. Off. of Child Support Enf't*, 340 Ark. 286, 300, 9 S.W.3d 520 528 (2000). Further, our supreme court has

4

held that Arkansas Code Annotated section 9-10-115 is a part of the Paternity Code and is intended to apply only to judicial findings of paternity or to acknowledgements of paternity and does not apply to divorce decrees. *See Martin v. Pierce*, 370 Ark. 53, 257 S.W.3d 82 (2007). Therefore, because section 9-10-115 is not applicable to the present case, we need not address it on appeal.

Reversed and remanded.

ABRAMSON and VIRDEN, JJ., agree.

*Matt Kezhaya* and *Sonia Kezhaya*, for appellant.

*Miller, Butler, Schneider, Pawlik & Rozzell, PLLC*, by: *Kristin L. Pawlik* and *David W. Lee*, for separate appellee Brock Carson.