Joani McCULLOUGH *v.* Mitchell Ray HENDERSON

90-362                                    804 S.W.2d 368

Supreme Court of Arkansas
Opinion delivered March 4, 1991.

*J. Scott Covington*, for appellant.

*Coxey & Coxey*, by: *Kent Coxey*, for appellee.

STEELE HAYS, Justice. Mitchell Ray Henderson petitioned the Boone Chancery Court to determine that he was the natural father of Cody Charles McCullough, born to Joani McCullough on September 22, 1989. The chancellor held accordingly and ordered visitation, child support, and payment of hospital and medical expenses. Some months later Mitchell Ray Henderson petitioned for a change in the child's surname from McCullough to Henderson, which Joani McCullough controverted on the premise that it would not be in the best interests of the child. Relying on Ark. Code Ann. § 20-18-401 (1987), the chancellor held he was without discretion in the matter and ordered the name change. Ms. McCullough has appealed. We reverse and remand for a ruling consistent with the best interests of the child.

It appears from the record that at the initial hearing the chancellor indicated a tentative view that the law gave him no latitude, but no definite ruling was made. At a later hearing, some months thereafter, the chancellor announced his ruling:

> The Court is sympathetic with the wishes of the mother and for the record I am stating that except for the fact that I think that the law requires me to do so, I probably would not make the name change, but I think under the statute . . . when a Court makes a determination of paternity on the part of the father, the statute says that, or I interpret the statute to say that I shall change the surname to that of the father, the surname of the child, so, I am basing my ruling on that statute and if the Court of Appeals says that is not what it means then that is not what it means . . . . The statute says shall. When the statute says the Court shall do something the Court has no discretion.

The statute referred to, Ark. Code Ann. § 20-18-401(e)(3)

(Supp. 1989), reads:

> In any case in which paternity of a child is determined by a court of competent jurisdiction, the name of the father and surname of the child shall be entered on the certificate of birth in accordance with the finding and order of the court.

■ While we agree with the chancellor that the word "shall" renders the provision mandatory, we do not read the statute as directing that the surname of the child should necessarily become that of the father. We think the statute merely states that the full name of the father and the surname of the child *shall* be entered on the birth certificate "in accordance with the finding and order of the court." Nothing in the language suggests the two must be the same. In some cases the father may not even want the two names to agree. While we can conceive of instances where the child should bear the father's name, we can conceive of as many others wherein the welfare of the child, particularly one of more advanced years, would not be well served. We believe a rule which makes the result automatic would be neither prudent nor consistent with the established traditions of the law, hence, we are unwilling to adopt a construction of the statute which produces rigidity, where such an interpretation is decidedly less than self-evident.

In *Stamps* v. *Rawlins*, 297 Ark. 370, 761 S.W.2d 933 (1988), we addressed the power of chancery courts to change the names of children in the context of other provisions of our code:

> Next, appellant argues that the name change was not in compliance with Ark. Code Ann. § 9-2-101 (1987), the statute setting out the formal procedure for a name change. It is true that the name change was not in compliance with the statute, but it was still a perfectly valid procedure. As we explained in *Clinton* v. *Morrow*, 220 Ark. 337, 247 S.W.2d 1015 (1952), and *Carroll* v. *Johnson*, 263 Ark. 280, 565 S.W.2d 10 (1978), this statute does not repeal the common law power of a chancery court to change a minor's name when it is in the best interest of the minor to do so. The statute simply affords an additional method of effecting a name change and is supplementary to the common law. Further, this is a matter in which the chancellor has broad discretion. *Clinton* v. *Morrow, supra.*

692

Here, we have no record of factors which inveigh for or against either surname. But we believe that judgment must be the product of the chancellor's informed discretion, exercised in response to what is deemed to be in the best interests of the child.

Reversed and remanded for further proceedings consistent with this opinion.