Steven Charles REAVES, Father and Next of Friend of
Chad Steven Reaves *v.* David Harrison HERMAN, Father
and Next Friend of Carrie Magdalene Herman

92-224                                   830 S.W.2d 860

Supreme Court of Arkansas
Opinion delivered May 18, 1992

*Boyce R. Davis Associates*, by: *Boyce R. Davis*, for appellant.

*Mark Lindsay*, for appellee.

STEELE HAYS, Justice. The appellant, Steven Charles Reaves, and appellee, David Harrison Herman, are the fathers of Chad Steven Reaves and Carrie Magdalene Herman, respectively. Carrie Herman gave birth to an infant boy on September 28, 1990, when she was seventeen years old. The baby's father, Chad Reaves, was also seventeen at the time of his son's birth. This appeal arises out of a dispute concerning the child's surname.

Following the birth of her son, Carrie Herman submitted the name Mitchell Harrison Herman for placement on the child's birth certificate. Thereafter, the appellant filed a complaint in the juvenile division of the Washington County Chancery Court alleging that the child's name is Mitchell Harrison Reaves, seeking a determination of paternity and a schedule of visitation and asserting a willingness to pay a reasonable level of support and maintenance commensurate with his earnings.

Following a trial of the issues, the Washington Chancery court entered an order on January 15, 1991, establishing that Chad Reaves is Mitchell's natural father, vesting custody with Carrie Herman, dividing laying-in and future medical expenses equally between the parties and fixing visitation and support. The court held in abeyance its decision with regard to the surname of the minor child.

On June 6, 1991, another hearing was held concerning Mitchell's surname. In an order entered June 18, 1991, the court held that it was in the best interest of the minor child that his

surname remain Herman. Chad Reaves appeals from that finding, raising two points of error. We affirm the trial court's decision.

The appellant first argues that pursuant to Ark. Code Ann. § 20-18-401(e)(1) (1987) the court was without discretion to apply any surname other than Reaves, however, the appellant quotes the statute as it read prior to a 1989 amendment and the amended statute does not apply to this situation. The applicable section is Ark. Code Ann. § 20-18-401(e)(3) (1987) which provides:

> In any case in which paternity of a child is determined by a court of competent jurisdiction, the name of the father and the surname of the child shall be entered on the certificate of birth in accordance with the finding and order of the court.

■ In the recent case of *McCullough* v. *Henderson*, 304 Ark. 689, 804 S.W.2d 368 (1991), we held that, rather than directing that the surname of the child become that of the father, § 20-18-401(e)(3) simply states that the father's full name and the child's surname shall be entered on the birth certificate in accordance with the court's order. Thus, appellant's first argument is without merit.

Secondly, the appellant contends that, if the trial court had discretion, it abused its discretion by failing to require the use of the father's surname.

There was evidence at trial that Chad was initially angered and shocked by Carrie's pregnancy and was unwilling to accept the baby until sometime after his birth, but, it is apparent from the testimony that both of Mitchell's parents are troubled by this dispute and earnestly concerned for Mitchell's emotional welfare. Chad testified that it was important to him for Mitchell to carry his surname because it might be confusing to Mitchell in the event Carrie marries and uses another last name. Carrie testified that she had no immediate plans to marry and in the future if this was a concern she would retain her maiden name. She also testified that if Reaves had been Mitchell's last name from his birth she would not have tried to change it, but since he has gone by Herman for so long she was opposed to changing it at this point

in time.

 Based on the evidence presented at trial we can hardly agree with the appellant that the court abused its discretion since there are no compelling facts that show it would be in the best interests of the minor child to change the surname he has carried since birth. Accordingly, we affirm.